**ARNOLD PICKLE & OLIVE CO.**

v.

**UNITED STATES.**

C.D. 4712; Court Nos. 73–7–01647, 73–7–01648–S.

United States Customs Court.

Aug. 17, 1977.

Glad, Tuttle & White, Los Angeles, Cal. (Robert Glenn White, Los Angeles, Cal., of counsel), for plaintiff.

Barbara Allen Babcock, Asst. Atty. Gen., Washington, D. C. (Steven P. Florsheim, Trial Atty., New York City), for defendant.

Memorandum Opinion and Order

WATSON, Judge.

In these cross-motions plaintiff seeks partial summary judgment and defendant seeks judgment on the pleadings. Both parties rely on the similarity of the circumstances of this case to those in *Arnold Pickle & Olive Co. v. United States,* 75 Cust.Ct. 154, C.D. 4620 (1975), the record of which has been incorporated herein.

In that case, owing to a lack of proof of costs of inspecting and grading certain Mexican cucumbers plaintiff failed to prove the claimed export value of its imported cucumbers. In other respects plaintiff won a "moral" victory. The court found the appraisement erroneous in that it was based on nonexistent sales between plaintiff and Pickle-Mex, its agent or alter ego in Mexico. Pickle-Mex bought the cucumbers from the farmers, inspected them, graded them and placed them in brine for export. The court also agreed with plaintiff's argument that although the Tariff Schedules spoke of the importation as a unitary article (vegetables in brine), it would be proper to prove the export value by combining the price at which the farmers sold the cucumbers to Pickle-Mex with Pickle-Mex's costs of readying and packing the cucumbers for shipment to the United States.

Plaintiff, relying on the affidavit of Byron Arnold Jr., general manager of plaintiff and one of the partners in Pickle-Mex, attesting to the facts the merchandise involved in this case and the circumstances of its exportation are identical with those involved in the prior case (with the exception of certain identified entries in which ice was not used) seeks a partial adjudication which would duplicate the findings in plaintiff's favor made in the first case and leave for trial only the question of the amounts of inspection and grading costs required to complete proof of export value.

Defendant, in support of its motion, seeks application of the doctrine of collateral estoppel, to the effect that the correctness of the appraised value of identical merchandise, having been upheld in the first case, is an issue which plaintiff is estopped from raising in this case.

A proper understanding of the first case, however, does not permit the application of collateral estoppel in the manner desired by defendant and requires the denial of defendant's motion. When the court left the appraised value undisturbed in the first case it did not do so as a result of a positive determination the appraisement was correct. In fact, the court determined the appraisement was erroneous. However, since it is a peculiarity of customs law that plaintiff must also prove the correct appraisement and since plaintiff failed to do so the erroneous appraisement remained in effect. That result is not the proper subject for an estoppel in a later case because it was not a precise determination in defendant's favor on the issue of valuation.

In contrast, certain issues between these parties were decided in the full sense of the word in the first case. The relationship between plaintiff and Pickle-Mex was found to be too intimate for a sale to take place between them. The proper transaction from which to begin the determination of export value was found to be the sales of cucumbers from Mexican farmers to Pickle-Mex and it was further found correct to arrive at the export value by adding to those prices the costs incurred by Pickle-Mex in inspecting, grading and packing the cucumbers in brine for export. In a second case involving identical merchandise imported under the same circumstances it would be proper to estop the parties from contesting these issues. But it could not be correct to estop them from litigating an issue which was not resolved in the first case—the correct value of the imported merchandise.

In this respect these circumstances differ dramatically from the facts in *J. E. Bernard & Co., Inc. v. United States*, 324 F.Supp. 496, 66 Cust.Ct. 545, R.D. 11739 (1971). In that case, which marked the first reasoned application of the collateral estoppel doctrine to reappraisement litigation in this court, the prior decision from which the estoppel derived had reached a definite conclusion as to the correctness of the appraised value. Consequently, in the later case plaintiff was properly estopped from relitigating the issue of the value of identical merchandise imported under identical circumstances. Here the correct value of the merchandise remains an open question.

Based on the supporting affidavit to plaintiff's motion which establishes the facts here as being identical to those in the first *Arnold Pickle* case and based on all the papers and proceedings had herein, it is hereby

ORDERED, DECIDED, AND ADJUDGED as follows:

1. The merchandise in issue, cucumbers, packed in brine, exported from Mexico, is subject to appraisement on the basis of export value, as defined in section 402(b), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956.

2. There were no sales of the merchandise in issue between the partnership firms of Pickle-Mex and Arnold Pickle & Olive Co. which could support a finding of export value.

3. The appraisement of the merchandise in issue upon liquidation was erroneous as it was predicated on the existence of sales between the partnership firm of Pickle-Mex and Arnold Pickle & Olive Co.

4. The principal market for the cucumbers in issue was Caborca, State of Sonora, Mexico.

5. The merchandise in issue was, in the principal markets of Mexico, at the times of exportation freely offered for sale for export to the United States by independent farmers in the ordinary course of trade at prices which did not vary by quantity and were arrived at by arm's length negotiation, but which did not include the costs and expenses incidental to placing the merchandise in condition, packed ready for shipment to the United States.

6. The prices at which the independent farmers in the principal markets of Mexico, at the times of exportation of the merchandise in issue, freely offered such merchandise in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States, were prices which constitute an export value for such cucumbers, exclusive of the cost of their packing.

7. The said export value prices of the independent farmers, as stated in paragraph 6 above, and exclusive of the costs of packing, were as follows, by grade of cucumbers:

| Grade | Price—Per Hundredweight—Pounds |
|---|---|
| No. 1 | U.S. $4.99 |
| No. 2 | U.S. $3.99 |
| No. 3 | U.S. $2.99 |
| Nos. 4 & 5 | U.S. $1.50 |

8. The export values, section 402(b), Tariff Act of 1930, of the merchandise in issue, exclusive of the cost of packing, are the prices stated in paragraph 7, above.

It is further ORDERED that defendant's motion for judgment on the pleadings be, and the same hereby is, denied.